UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNARD MACKAY,<br><br>             Plaintiff,<br><br>             v.<br><br>AIRCRAFT MECHANICS FRATERNAL ASSOCIATION, an unincorporated association, et al.,<br><br>             Defendants. | CASE NO. C01-03<br><br>SUPPLEMENTAL AND AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW |

This matter is before the Court pursuant to the Order of Remand from the Ninth Circuit Court of Appeals, directing this Court to clarify whether plaintiff was, or was not, a member of the Aircraft Mechanics Fraternal Association ("the Union"). Dkt. # 156. The Union moved for entry of findings and conclusions, together with judgment in its favor, and plaintiff opposed this motion. Oral argument was heard on March 9, 2007. After thorough consideration of the arguments presented at the hearing, the memoranda of the parties, and the record, including the transcript of the January, 2005 trial, the Court now finds and rules as follows:

**(1) Finding of Fact # 10**

This Finding of Fact states as follows:

    10. Kevin Jurasinski, another co-worker who had known plaintiff since 1985, was elected President of AMFA-Local 14 in June of 1998. In October of 1999, after plaintiff's name

SUPPLEMENTAL FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 1

appeared on a list created by AMFA-National of members who were in arrears on their dues, Mr. Jurasinski spoke with plaintiff in the composite shop. He informed Mr. Mackay that his job was at risk because he was in arrears in his dues. Mr. Mackay expressed his concerns about joining a union, and Mr. Jurasinski gave him a copy of the nonmember dues objector policy and informed him that he had to either pay union dues or pay a nonmember agency fee. Mr. Mackay responded that he had "no problem" paying dues but he did not want to be a union member. The Court finds that Mr. Jurasinski was a highly credible witness.

Dkt. # 136, FF # 10. The appeals court noted that this finding is ambiguous as to what plaintiff actually said regarding being, or not being, a member.

The Court has reviewed Mr. Jurasinski's testimony to clarify this matter. On January 26, 2005, Mr. Jurasinski testified on direct examination that he approached plaintiff in October of 1999 to tell him he was being "tracked" by the union for non-payment of dues. The conversation took place in plaintiff's work area. Mr. Jurasinski told him that "he would be putting his job at risk if he didn't either pay dues or an agency fee to the union." Transcript of Proceedings, Dkt. # 153, p. 31. When asked, "What was his response, if any?", Mr. Jurasinski responded, "He didn't really have much to say except he didn't have a problem paying the dues, he **just didn't want to be involved with any union activities or get mail from the union**." *Id*. Mr. Jurasinski also testified that he gave plaintiff a copy of the then-current dues objector policy on this occasion. *Id*., p. 33.

Plaintiff's own testimony regarding this encounter was that he did not recall any conversation when he gave Mr. Jurasinski his check for dues. Transcript of Proceedings, Dkt. # 152, p. 7. He acknowledged that there would have been some friendly conversation, but he did not recall the content. *Id*., p. 8. He did confirm that the never said that the check was for agency fees and not for union dues. *Id*.

The finding that plaintiff stated that "he had 'no problem' paying dues but he did not want to be a union member" thus incorrectly summarizes the testimony. The Court now AMENDS Finding of Fact # 10 to state as follows:

### FINDING OF FACT # 10 (Amended):

10. Kevin Jurasinski, another co-worker who had known plaintiff since 1985, was elected President of AMFA-Local 14 in June of 1998. In October of 1999, after plaintiff's name appeared on a

SUPPLEMENTAL FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 2

list created by AMFA-National of members who were in arrears on their dues, Mr. Jurasinski spoke with plaintiff in the composite shop. He informed Mr. Mackay that his job was at risk because he was in arrears in his dues. Mr. Mackay responded that he had "no problem" paying dues but he did not want to be involved with union activities or receive mail from the union. He did not state that he did not want to be a union member. Mr. Jurasinski gave him a copy of the nonmember dues objector policy and informed him that he had to either pay union dues or pay a nonmember agency fee. The Court finds that Mr. Jurasinski was a highly credible witness.

**(2) Conclusion of Law # 6**

The Court previously concluded as follows:

> 6. Plaintiff did not at any time, by word or conduct, affirmatively make known to the union his election of nonmember status or invoke his right to pay nonmember agency fees rather than dues. Nor did he affirmatively make known any desire to dissent from the agency fee calculation. Instead, in January of 2000, he acquiesced in the payment of delinquent dues without in any way invoking his right to be a dissenting nonmember. While these facts did not, without more, make plaintiff a *de facto* member of the union, they reasonably led union officials to believe that plaintiff was a member rather than a nonmember.

Dkt. # 136, CL # 6. The appeals court has directed this Court to clarify whether plaintiff was, or was not, a member of the Union. In order to do so, the Court makes the following Supplemental Findings of Fact:

a. Mr. Jurasinski gave plaintiff a copy of the dues objector policy in October of 1999, several months before January 6, 2000 dues payment.

b. Steve Lovas also gave plaintiff a copy of the earlier version of the dues objector policy, in June of 1999. Mr. Lovas discussed with plaintiff the meaning of "germane" and "non-germane" expenses. Mr. Lovas also testified that he saw plaintiff read the document, and that he asked questions about it. Transcript, Dkt. # 152, p. 157.

c. On January 6, 2000, when plaintiff handed his dues check to Mr. Jurasinski, he had been twice advised of the dues objector policy. Nevertheless, he voluntarily paid the full amount of dues, without mentioning the non-member policy or in any way invoking his right to dissent from membership. Plaintiff confirmed this in his own testimony. Transcript, Dkt. # 152, p. 29.

SUPPLEMENTAL FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 3

1      d. On the same visit, January 6, 2000, after collecting the check, Mr. Jurasinski reminded plaintiff
2  that January was the time to officially advise the union if he wished to invoke his right to be a dues
3  objector. Plaintiff did not respond and never provided notice to the union.
4      e. Plaintiff later again fell in arrears, and was advised by a letter from the union, dated May 17,
5  2000, that he owed $270 in dues. Plaintiff testified that Mr. Juransinski again came to his shop to collect
6  the dues. Plaintiff stated that he was willing to write the check, but that he didn't have his checkbook at
7  the time. Also, they were not sure of the amount. Transcript, Dkt. # 152, p. 34-35. Plaintiff testified
8  that it "didn't matter to me what the amount was. I was going to pay it." *Id*. When Mr. Jurasinski later
9  came to collect the check, plaintiff was busy in a job involving chemicals, and he did not stop to write the
10 check. *Id*. He did not say at that time that he did not wish to pay dues.
11     f. After his termination, plaintiff filed a grievance and attempted to pay the back dues. He stated
12 he was willing to pay the dues. He did not at that time mention the dues objector policy or attempt to
13 claim status as a dues objector. It was not until the appeal of the grievance denial that plaintiff first
14 claimed dues objector status.
15     On these additional factual findings, the Court makes the following Supplemental Conclusion of
16 Law:

### CONCLUSION OF LAW # 7a

18     7a. Plaintiff became a voluntary member of the union on January 6, 2000, when he handed to Mr.
19 Jurasinski a check for the full amount of dues owed, without invoking his rights under the dues objector
20 policy, despite having been twice advised of that policy. Plaintiff subsequently ratified his membership in
21 the union throught January of 2000, when he continually failed to invoke any rights under the dues
22 objector policy, after being advised by Mr. Jurasinski that January was the time to officially advise the
23 union if he wished to invoke such rights for the coming year. Plaintiff further ratified his membership
24 after receiving the May 17, 2000 notice of delinquency in his dues, when he told Mr. Jurasinski on two
25 occasions that he would write the check. These actions were taken after plaintiff had been advised on
26 several occasions of the dues objector policy and the procedure for invoking dues objector status. These

SUPPLEMENTAL FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 4

actions constituted knowing and voluntary acceptance of membership status.

## CONCLUSION

With these amended and supplemental Findings of Fact and Conclusions of Law, the Court now GRANTS defendants' motion for entry of judgment. Dkt. # 157. The Clerk shall accordingly enter judgment in favor of defendants.

DATED this 4 day of June 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE